Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
GARRETT HEMANN ROBERTSON P.C.
P.O. Box 749
Salem, Oregon 97308-0749
Tel: (503) 581-1501
Fax: (503) 581-5891
Of Attorneys for Defendants Douglas CARES,
& Rick Wesenberg in his capacity as a Douglas CARES Board Member

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TAMARA TERRY**, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**DOUGLAS COUNTY CHILDREN'S CENTER, INC. dba DOUGLAS CARES,** a domestic non-profit; **DOUGLAS COUNTY DISTRICT ATTORNEY, RICK WESENBERG**, an individual; and **ANITA COX**, an individual.<br><br>Defendants. | CASE NO.: 6:25-cv-00881-AA<br><br>**DEFENDANTS' DOUGLAS COUNTY CHILDREN'S CENTER, INC. dba DOUGLAS CARES, AND RICK WESENBERG'S MOTION TO DISMISS**<br><br>***Request for Oral Argument*** |

**LR 7-1 CERTIFICATION**

Pursuant to Local Rule 7-1, counsel for Douglas County Children's Center, Inc. dba Douglas CARES ("Douglas CARES") and Douglas CARES Board Member, Rick Wesenberg ("Wesenberg") (collectively, "Defendants") certifies having conferred with counsel for Plaintiff Tamara Terry concerning the issues in dispute. The parties were unable to resolve all disputed issues and require the court's assistance.

/ / / /

1

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS:
*Terry vs. Douglas CARES, et al.*

## MOTION

Defendants, by and through their attorney Breanna L. Thompson, hereby move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the following claims for failure to state a claim upon which relief can be granted:

- First Claim for Relief: 42 U.S.C. § 1983, United States Constitution, First Amendment (Douglas CARES and Wesenberg)

- Second Claim for Relief: 42 U.S.C. § 1983, United States Constitution, Fourteenth Amendment (Due Process Liberty Interest) (Douglas CARES and Wesenberg)

- Third Claim for Relief: Whistleblower Retaliation, ORS 659A.199(1) (Wesenberg)

- Fourth Claim for Relief: Whistleblower Retaliation by Non-Profit Employer, ORS 659A.203(1)(b) (Wesenberg)

- Eighth Claim for Relief: Intentional Infliction of Emotional Distress ("IIED") (Douglas CARES and Wesenberg)

This motion is supported by the points and authorities below as well as the court docket to date.

## POINTS AND AUTHORITIES

### I.  Facts[1]

Plaintiff Tamara Terry ("Plaintiff") was an employee of Douglas CARES. (Complaint, ¶ 1). Douglas CARES forensics' team conducts investigations and medical evaluations for child abuse cases referred to it by the Oregon Department of Human Services ("DHS") and law enforcement agencies. (Complaint, ¶ 14). The information is in turn provided to the District Attorney's office to evaluate for criminal prosecution. (Complaint, ¶ 15). Rick Wesenberg is the

---

[1] The recitation of facts in this motion are based upon the allegations in Plaintiff's complaint. Defendants do not concede any facts or waive its right to deny these facts in the future.

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS: *Terry vs. Douglas CARES, et al.*

2

Douglas County District Attorney and also serves in his individual capacity on the board of directors of Douglas CARES. (Complaint, ¶ 6).

Douglas CARES' role is in conjunction with other members of multi-disciplinary teams, including law enforcement and child protective services, and it is subject to Karly's Law. ORS 419B.022 *et. seq*. (Complaint, ¶ 15). Under Karly's Law, ORS 419B.022 to ORS 419B.024, medical assessments must be conducted by a child advocacy center's designated medical professional within 48 hours of contact with a child victim. (Complaint, ¶ 35).

State and federal grants which help fund Douglas CARES require reporting of certain statistical data, including the number of referrals by Douglas CARES to the DA's office, and the number of case prosecutions conducted by the DA's office. (Complaint, ¶ 16). On or about July 9, 2024, Douglas CARES received statistical data from the DA's office that significantly differed from the data maintained by Douglas CARES. (Complaint, ¶ 16).

On July 17, 2024, Douglas CARES president (Anita Cox), executive director (Sarah Wickersham) and Rick Wesenberg met to discuss concerns over the perceived lack of criminal prosecutions when compared to the cases Douglas CARES had seen. (Complaint, ¶ 21). Plaintiff was not present for this meeting during which the reasoning for the discrepancies was explained. Wesenberg also met with the Douglas CARES team as a whole to discuss the discrepancy issue. (Complaint, ¶ 24). Plaintiff, again, was not present.

On August 7, 2024, during an Oregon Department of Justice ("DOJ") site visit required per terms of a grant, Plaintiff voiced concern that Wesenberg serving on the board while also serving as the Douglas County DA was a conflict of interest. (Complaint, ¶ 26). Plaintiff also requested that the Douglas CARES' board be notified about the statistical discrepancies. (Doc. 1: Complaint, ¶ 26).

/ / / /

3

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS:
*Terry vs. Douglas CARES, et al.*

In August 2024, Ms. Cox proposed eliminating Plaintiff's position citing budgetary concerns. (Complaint, ¶¶ 29, 30). Ms. Wickersham assured Ms. Cox that Douglas CARES was financially capable of maintaining Plaintiff's position and mentioned that Plaintiff would be considered a whistleblower in an effort to further deter any position elimination or termination. (Complaint, ¶¶ 30, 31). Plaintiff continued to demand that the data discrepancy be brought to the Douglas CARES board's attention, and Ms. Wickersham responded that she would do so at the right time. (Complaint, ¶ 32). Plaintiff alleges she was retaliated against and excluded from meetings with DHS and DOJ where changes in case referral protocols were discussed. (Complaint, ¶ 34).

On October 7, 2024, Plaintiff resigned her employment and claims she was constructively discharged. (Doc. 1: Complaint, ¶¶ 41-43).

## II. Legal Standard

A claim may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). While legal conclusions may establish the framework of a complaint, "they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940 (2009).

While a complaint is construed in favor of the plaintiff at the motion to dismiss stage, the court is not required to accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

/ / / /

/ / / /

/ / / /

4

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS:
*Terry vs. Douglas CARES, et al.*

### III. Claims 1 & 2: Infringement of First and Fourteenth Amendment Rights (42 U.S.C. § 1983) Douglas CARES and Wesenberg

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1149 (9th Cir. 2011). In this case, Plaintiff has not adequately plead facts establishing that either Douglas CARES or Wesenberg in his individual capacity as a board member was acting under color of state law. This is fatal to Plaintiff's claims and warrants dismissal of Claim 1 and 2.

#### a. Douglas CARES is a private corporation not acting under color of state law

Plaintiff alleges Douglas CARES "conspired" with Wesenberg to deprive Plaintiff of her First Amendment Rights by disciplining and constructively discharging Plaintiff due to her vocal oppositions to alleged violations of the law. (Doc. 1: Complaint, ¶ 49).

It is undisputed that Douglas CARES is a nonprofit organization. (Complaint, ¶ 5). "[P]rivate parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). A private entity may only be held subject to liability under § 1983 if "the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 937 (1982). Absent a showing of "something more," the presumption is that private conduct does not constitute governmental action. *Id.* at 939. The Supreme Court has found state action present in the following limited scenarios: (1) in the exercise by a private entity of powers traditionally exclusively reserved to the State; (2) where private individuals are willful participants in joint activity with the State or its agents that effects a constitutional deprivation; (3) where the state has exercised such coercive power or has provided such significant encouragement, either overt or covert, that the private individual's choice must in

law be deemed to be that of the state; and (4) if the private action is fairly attributable to the state. *Johnson v. Knowles*, 113 F.3d 1114, 1118-20 (9th Cir. 1997).

Plaintiff has not alleged any facts that could support a finding that Douglas CARES was acting under state law. Following conferral, Plaintiff agreed this claim would not be pursued against Douglas CARES, and Plaintiff intends to file an amended complaint reflecting the same.

### b. Wesenberg was not acting under color of state law

Plaintiff expressly alleges that the acts of Wesenberg forming the basis for alleged liability for Claims 1 was taken in his personal capacity. (Doc. 1: Complaint, ¶ 48). Plaintiff then incorporates the same to Claim 2. (Doc 1: Complaint, ¶ 55). The mere fact that Wesenberg is a District Attorney as well as a member of the board does not necessitate or equate to a finding of state action. *See Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015) (holding a district attorney was not acting under color of state law when posting allegedly derogatory and intimidating statements about plaintiff, a conservative political activist, on a personal blog and Twitter account.)

In fact, Plaintiff believed that Wesenberg being on the board was a potential conflict of interest. (Complaint, ¶ 26). Plaintiff has not alleged any facts to support the claim that Wesenberg was acting under color of state law. Instead, the allegations relate to actions taken by Wesenberg in his capacity as member of the Douglas CARES Board of Directors. Without more, the fact that Wesenberg is a District Attorney does not make actions taken in his personal capacity fairly attributable to the state and he cannot be subject to the claims under § 1983.

For all the above reasons, Defendants respectfully request this court dismiss Plaintiff's first and second claims for relief for failure to state a claim upon which relief can be granted. Following conferral, Plaintiff agreed this claim would not be pursued against Rick Wesenberg in his individual capacity as board member, and Plaintiff intends to file an amended complaint reflecting

6

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS:
*Terry vs. Douglas CARES, et al.*

the same. Rick Wesenberg, in his capacity as DA, is separately represented and has additional bases for dismissal. *See* Docket No. 20.

### c. Claim 2: Fourteenth Amendment. Plaintiff has not been deprived of any constitutionally protected liberty interests

"The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-01 (9th Cir. 2008). To state a due process liberty claim, plaintiff must show that: (1) defendants made charge(s) that might seriously damage plaintiff's standing and associations in the community; (2) the accuracy of the charge is contested; (3) there is some public disclosure of the charge; and (4) the charge was made in connection with the termination of employment or the alteration of some right or status recognized by state law." *Wenger v. Monroe*, 282 F.3d 1068, 1074 (9th Cir. 2002). Termination alone does not cause a deprivation of liberty. *Clemente v. United States*, 766 F.2d 1358, 1365-66 (9th Cir. 1985).

Plaintiff alleges the following in support of the second claim for relief: (1) Defendants created and distributed a false and defamatory impression of Plaintiff impairing her reputation for honesty, integrity and morality (Doc. 1: Complaint, ¶ 56); (2) Plaintiff had a statutory right to be free from workplace discrimination, retaliation and discharge (Doc. 1: Complaint, ¶ 58); (3) Plaintiff had a common law right to be protected from tortious conduct, including defamation and intentional infliction of emotional distress. (Doc. 1: Complaint, ¶ 59).

Plaintiff's allegations are nothing more than conclusory. No where in the Complaint can one find factual allegations identifying the alleged false and defamatory information that defendants created, or how such information was distributed to the public. In sum, even if state action was established, because plaintiff was not denied of any protected liberty interest, this claim must be dismissed.

### IV.  Claims 3 & 4: Employer Whistleblower Retaliation (ORS 659A.199(1), ORS 659A.203(1)(b)) as to Wesenberg

Both ORS 659A.199 and ORS 659A.203 apply to "employers" only. ORS 659A.199(1) (making it an unlawful employment practice "for any *employer* to discharge, demote, suspend or in any manner discriminate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of state or federal law, rule or regulation."); ORS 659A.203(1)(b) (making it an unlawful employment practice "for any *public or nonprofit employer* to…[p]rohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of [a] violation of any federal, state or local law, rule or regulation by the public or nonprofit employer…"

Plaintiff conclusively alleges that Wesenberg in his personal capacity was a joint employer with Douglas CARES. (Complaint, ¶ 77). Employer is defined as "any person who in this state, directly *or through an agent*, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed." ORS 659A.001(4)(a) (emphasis added). For two employers to be considered "joint employers," both employers must control the terms and conditions of employment of the employee. *See, e.g., E.E.O.C. v. Pac. Maritime Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003). Similarly, under the indirect employer theory, the employer must have "some peculiar control over the employee's relationship with the direct employer." *Anderson v. Pac. Maritime Ass'n*, 336 F.3d 924, 932 (9th Cir. 2003). Four nonexclusive factors have been identified for assessing whether a person or entity has the right to control: "(1) direct evidence of the right to, or the exercise of, control; (2) the method of

8

DEFS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS:
*Terry vs. Douglas CARES, et al.*

payment; (3) the furnishing of equipment; and (4) the right to fire." *McClusky v. City of North Bend*, 308 Or App 138, 142-143 (2020).

Plaintiff alleges that Wesenberg, in his capacity as a board member, "assigned, directed and controlled CARES employees, through its Executive Director, who served at the will of the Board." (Complaint, ¶ 68). If this allegation was deemed sufficient to establish the necessary control for an individual to constitute an employer, then *all* individual board members would also be considered joint employers. This is an illogical result. Plaintiff has not alleged any facts that Wesenberg as an individual board member had the right to, or actually exercised control over Plaintiff, that Wesenberg himself had hiring and firing authority, or any other facts evidencing alleged control sufficient to establish him to be a joint employer.

Further, while Oregon District Courts have recognized that two *entities* could have sufficient control over an employee to both qualify as an "employer" subject to liability under ORS 659A.199, there is no federal or Oregon precedent for holding both an entity and an entity's agent, employee, or board member liable as joint employers. *See Malcomson v. Daimler N. Am. Corp.*, No. 3:15-cv-02407-SB, 2016 U.S. Dist. LEXIS 139876, at *12 (D. Or. Aug. 3, 2016) (holding ORS Chapter 659A does not prohibit a plaintiff from alleging two *entities* have sufficient control over an employee to be held liable under a joint employer theory); *Ballinger v. Klamath Pac. Corp.,* 135 Or App 438 (1995) (holding under Oregon law, a corporate employer may control its employees through an agent, but the agent is not an employer.)

Even if adequate control were established, it is uncontroverted that Wesenberg in his capacity as a board member was acting as an agent for Douglas CARES. (Complaint, ¶ 6). Under *Ballinger*, because Wesenberg was at all times an agent of Douglas CARES, even if he "controlled" Plaintiff, he cannot be held liable as an employer. 135 Or at 452. The court explained

the important distinction between the Title VII definition of employer and the Oregon definition of employer as follows:

> [T]he Title VII definition of "employer" differs from the ORS chapter 659 definition in one important particular: the federal definition includes "agents" to whom the highest level of supervisory authority has been delegated by the employer. In contrast, the state definition appears to exclude agents by limiting employer liability to those who "directly or through an agent * * * reserve the right to control" their employees. ORS 659.010(6). Under that definition, which implicitly distinguishes between employers and their agents, a corporate employer such as KP may control its employees "through an agent" such as Stewart, but the agent is not an "employer."
> *Id.*

Following conferral with Plaintiff, Plaintiff intends to file an amended complaint clarifying that this claim is directed against Wesenberg as an individual acting in his capacity as board member, not as DA, and alleging he acted with gross negligence or intentionally pursuant to ORS 65.369(1). Defendants disagree such amendment would cure the insufficiencies, and dismissal remains warranted.

ORS 65.369(1) provides circumstances in which board members may face personal liability. While there are circumstances in which a board member is subject to civil liability, nothing in the statute allows for holding an individual board member liable as an *employer* as defined in ORS Chapter 659A. Rather, those cases citing ORS 65.369 address when individuals may be held liable for breach of fiduciary duty or common law claims, but not employment claims under ORS Chapter 659A. *See e.g. WSB Invs., Ltd. Liab. Co. v. Pronghorn Dev. Co., Ltd. Liab. Co.*, 269 Or. App. 342, 344-45, (2015) (addressing individual liability under ORS 65.369 for claims of breach of fiduciary duty); *Hirovescu v. Shangri-La Corp.*, 113 Or App 145 (1992) (addressing individual liability under ORS 65.369 for common law wrongful discharge). Simply adding allegations that Wesenberg's conduct was grossly negligent or intentional does not alleviate

the fact that Wesenberg does not meet the statutory definition of employer and there are no facts currently pled, or that could be pled, to cure this fatal defect.

For all the above reasons, Defendants respectfully request this court dismiss Plaintiff's third and fourth claims for relief against Wesenberg as an individual for failure to state a claim upon which relief can be granted.

## V. Claim 8: Intentional Infliction of Emotional Distress

Finally, Plaintiff claims that Wesenberg and Douglas CARES intentionally inflicted severe emotional distress ("IIED"). Stating a claim for IIED requires that "the defendant's acts constituted an extraordinary transgression of socially tolerable conduct." *Babick v. Or. Arena Corp.*, 40 P.3d 1059, 1063 (Or. 2002). "Insults, harsh or intimidating words, or rude behavior ordinarily do not result in liability for damages even when intended to cause distress." *Bollaert v. Witter*, 792 P.2d 465, 466 (Or. Ct. App. 1990) (citing *Hall v. May Dep't Stores Co.*, 637 P.2d 126, 129 (Or. 1981)). Discharge from employment, without more, as a matter of law, does not amount to an extraordinary transgression of the bounds of socially tolerable behavior. *Sheets v. Knight*, 308 Or 220, 236 (1989).

No allegations point to actions by Wesenberg or Douglas CARES that caused emotional distress with any specificity. Plaintiff alleges that Wesenberg "angrily accused Plaintiff of being behind a threat to go to the media" and that he referred to her as a "pot-stirrer" in a closed-door meeting for which Plaintiff was not present. (Complaint, ¶ 22). Plaintiff then confronted Wesenberg about him calling her a "pot-stirrer." (Complaint, ¶ 23). Beyond these isolated comments, Plaintiff does not allege any specific conduct by Wesenberg that could constitute an extraordinary transgression of socially tolerable conduct or that such conduct was intended to cause emotional distress. In fact, there are not any other allegations about direct interactions between Wesenberg and Plaintiff. Even if referring to Plaintiff as a "pot-stirrer" were intended to

cause distress, the words alone would not rise to the level of an extraordinary transgression of socially tolerable conduct as a matter of law. There are no facts pled supporting an allegation that Wesenberg or Douglas CARES engaged in an outrageous course of conduct.

For all the above reasons, Defendants respectfully request this court dismiss Plaintiff's eighth claim for relief for failure to state a claim upon which relief can be granted.

**CONCLUSION**

Defendants respectfully request this court to grant its Motions to Dismiss in their entirety and with prejudice.

DATED this 15th day of August, 2025.

GARRETT HEMANN ROBERTSON P.C.


*/s/ Breanna L. Thompson*
Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
Of Attorneys for Defendants Douglas CARES,
& Rick Wesenberg in his capacity as a Douglas CARES Board Member

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **DEFENDANTS' DOUGLAS CARES & RICK WESENBERG'S MOTION TO DISMISS** on the date indicated below,

☐     Via First-Class Mail with postage prepaid
☒     Via Electronic Filing Notice
☒     Via Email
☐     Via Hand Delivery
☐     Via Overnight Delivery

to the following person(s) a true copy thereof, contained in a sealed envelope (if other than by facsimile transmission), addressed to said person(s) at their last known addresses indicated below:

Diane S. Sykes, OSB No. 980990
Diane S. Sykes, Attorney at Law, P.C.
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: (503) 504-7176
Email: diane@dianessykeslaw.com
Of Attorneys for Plaintiff

Sean J. Riddell, OSB No. 013943
2905 NE Broadway Street
Portland, Oregon 97232
Telephone: (971) 219-8453
Email: sjr@seanjriddellpc.com
Of Attorneys for Plaintiff

Allie Boyd, OSB No. 163478
Oregon Department of Justice
1162 Court St NE
Salem, OR 97301
Telephone: (971) 673-5037
Email: allie.m.boyd@doj.oregon.gov
Of Attorneys for Defendant Rick Wesenberg
in his capacity as Douglas Co. DA

Sarah N. Turner, OSB No. 090430
Gordon Rees LLP
701 5th Ave Ste 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Email: sturner@grsm.com
Of Attorneys for Defendant Anita Cox

Michael C. Tracy, WA Bar No. 51226
*(Pro Hac Vice Admitted)*
Gordon Rees Scully Mansukhani LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206)-695-5100
Email: mtracy@grsm.com
Of Attorneys for Defendant Anita Cox

DATED this 15th day of August, 2025.

GARRETT HEMANN ROBERTSON P.C.

_____
*/s/ Breanna L. Thompson*
Breanna Thompson (OSB No. 154370)
bthompson@ghrlawyers.com
Of Attorneys for Defendants Douglas CARES,

& Rick Wesenberg in his capacity as a Douglas CARES Board Member