IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TAMARA TERRY,                                        **OPINION & ORDER**

                Plaintiff,                    Civ. No. 6:25-cv-00881-AA

      v.

DOUGLAS COUNTY CHILDREN'S
CENTER, INC. dba DOUGLAS
CARES, a domestic non-profit;
DOUGLAS COUNTY DISTRICT
ATTORNEY RICK WESENBERG,
an individual; and ANITA COX,
an individual,

                Defendants.

_____

AIKEN, District Judge.

      Plaintiff Tamara Terry brings two 42 U.S.C. § 1983 claims and several state law claims against Defendants Douglas County Children's Center, Inc. ("CARES"); Douglas County District Attorney Rick Wesenberg; and CARES Board President Anita Cox.  *See* Compl., ECF No. 1.   Wesenberg and CARES (collectively, "Defendants") move to dismiss the claims against them.  *See* ECF Nos. 20, 22.  For the reasons explained below, Defendants' Motions, ECF Nos. 20, 22, are GRANTED. All claims against Wesenberg and CARES are DISMISSED consistent with this Opinion.

## BACKGROUND

Plaintiff is the former Deputy Director of non-profit CARES, a Douglas County child abuse intervention center. Compl. ¶ 1. CARES is a private non-profit entity. *Id.* ¶ 5. CARES conducts forensic investigations and medical evaluations for potential child abuse cases referred to it by Oregon Department of Human Services ("DHS") and law enforcement agencies. *Id.* ¶¶ 1, 14. Under Karly's Law, ORS 419B.020 *et seq.*, and ORS 418.747, "multi-disciplinary teams, comprised of law enforcement, child protective services, public health personnel and child advocacy centers (CAC), such as CARES, review and present cases of suspected child abuse to the Douglas County District Attorney's Office . . . for criminal prosecution." *Id.* ¶ 15.

A former law enforcement officer, Plaintiff started her job with CARES in February 2023. *Id.* ¶¶ 10, 11. In June 2023, Plaintiff was promoted to Deputy Director, a position in which she "oversaw the CARES Forensic Unit." *Id.* ¶¶ 1, 11. At the time of the events alleged here, Rick Wesenberg was the Douglas County District Attorney ("DA") and also served on the CARES Board of Directors. *Id.* ¶ 6.

Plaintiff alleges that, on or about July 9, 2024, CARES received child abuse referral data from the DA's office that differed from that of CARES and that she was asked to follow up on the discrepancy. *Id.* ¶¶ 18, 19. Plaintiff alleges that the CARES data showed that CARES had made 40 child abuse referrals to the Douglas County DA during a specific reporting period, but that the DA's data showed only one child abuse referral during the same reporting period. *Id.*

Plaintiff alleges that on July 17, 2024, CARES Board President Anita Cox, CARES Executive Director Sarah Wickersham, and DA Wesenberg met to discuss CARES' "concerns about the lack of criminal prosecutions" and the data discrepancies. *Id.* ¶ 21. Plaintiff alleges that, in response, "DA Wesenberg threatened . . . Wickersham that there would be consequences if the data was aired to the media[,]" and "angrily expressed that he considered a media leak to be a political attack." *Id.*

Plaintiff alleges that on July 23, 2024, following a CARES Board meeting, "[CARES Board] President Anita Cox approached Wickersham and threatened Wickersham that a political attack on the DA could have significant consequences on CARES' viability." *Id.* ¶ 25.

Plaintiff alleges that on August 7, 2024, during an Oregon Department of Justice grant audit visit to CARES, Plaintiff, in the presence of Wickersham, Cox, and the Board Treasurer, "voiced her concern that DA Wesenberg's role as a CARES board member was a potential conflict of interest." *Id.* ¶ 26.

Plaintiff alleges that on August 14, 2024, "Cox proposed to Wickersham that Plaintiff's position be eliminated due to purported budgetary concerns and admitted that she had discussed the proposal with [DA Wesenberg,]" and that after Wickersham's assurance that the position's funding was stable, Cox stated "that she may 'step in' if necessary[,]" and "requested that Plaintiff no longer attend board meetings[.]" *Id.* ¶ 29. Plaintiff alleges that Cox repeatedly "propose[d] the

elimination of Plaintiff's position despite Wickersham's assurance about the organization's financial viability." *Id.* ¶ 30.

Plaintiff alleges that "Wickersham warned Plaintiff that Cox and [DA] Wesenberg were targeting her due to Plaintiff's whistleblower activities[,]" *id.* ¶ 31, and, later, that "Wickersham and [CARES Medical Director] James informed Plaintiff that . . . [DA] Wesenberg and Cox had called a board executive meeting to discuss[] eliminating Plaintiff's position due to her opposition to CARES' and the DA's child abuse prosecution practices[,]" *id.* ¶ 33.

Plaintiff alleges that she was then "excluded from meetings with DHS and DOJ where changes in case referral protocols were discussed.*" Id.* ¶ 34.  Plaintiff alleges that she believed that at least one of the protocol changes violated "child abuse prevention laws, rules, policies and practices which were protective of victims of child abuse[,]" and that she "deviat[ed] from" the new protocol change for that reason but "over Wickersham's objections." *Id.* ¶¶ 37–38, 41.

Plaintiff alleges that "in retaliation" for reporting "wide discrepancies in the DA's Office statistical data" as to child abuse referrals and prosecutions[,] *id.* ¶ 1, and "for oppos[ing] . . . what she, in good faith, believed to be significant violations of law, rules and regulations by Defendants CARES, DA Wesenberg and Cox[,]" *id.* ¶ 40, she "experienced a severe or pervasive hostile work environment[,]" *id.* and "was constructively discharged when her working conditions became so intolerable that a reasonable person in Plaintiff's position would feel compelled to resign[,]" *id.* ¶ 43.

Plaintiff seeks economic damages of lost past and future wages, impairment of earning capacity, other compensatory damages, and attorney's fees.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679. While courts considering a motion to dismiss must accept all allegations of material fact as true and construe them in the light most favorable to the plaintiff, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## DISCUSSION

Plaintiff brings two § 1983 claims and six state law claims against Defendants. Defendants move to dismiss the § 1983 claims. *See* Def. Mots. 20, 22.

I.    *Section 1983 Claims*

Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga*

*Univ. v. Doe*, 536 U.S. 273, 285 (2002). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) they were "depriv[ed] of a right secured by the federal Constitution or statutory law," and (2) that "the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

To prevail on her § 1983 claims, Plaintiff must show that Defendants committed allegedly wrongful acts under color of state law.

A.    *CARES*

Plaintiff alleges that "Defendant[] CARES, its supervisors and agents, . . . conspired with Defendant Wesenberg . . . to deprive Plaintiff of her First Amendment rights[]," Compl. ¶ 49, and to deprive her "of a protected liberty interest without due process of law[,]" *id.* ¶ 60, by retaliating against Plaintiff for "her vocal opposition to Defendants' violations of law, rules, regulations, policies and practices[,]" *id.* ¶ 49.

CARES is a private non-profit organization. "The state-action element in § 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Courts "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). Courts may treat the action of a private entity as an act of the state government only if "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State

Page 6 – OPINION AND ORDER

itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

To determine whether a private party is a state actor under § 1983, the Ninth Circuit recognizes four tests: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id.* (quoting *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003)).

Here, CARES is a private entity. Plaintiff alleges no facts or argument to support that CARES was a state actor when it engaged in the alleged wrongful actions. In her Response, Plaintiff concedes this point. Pl. Resp. at 6, ECF No. 26. Plaintiff also "stipulates to dismissal of Defendant Douglas CARES . . . from the [§ 1983] claims for relief." *Id.*

B.    *DA Wesenberg*

Plaintiff alleges that DA "Wesenberg used his position as an elected district attorney and board member of CARES to threaten Plaintiff's employment if she exercised her right of free speech." Pl. Resp. at 6, ECF No. 21. Plaintiff alleges that Defendant retaliated against her "to threaten Plaintiff's employment" and "to create a hostile work environment" that led to her "constructive discharge." *Id.*; Compl. ¶¶ 1, 29–31, 33, 40.

State officials, such as county district attorneys, may be sued under § 1983 in their individual or personal capacity or in their official capacity. "[A]n individual or

personal capacity suit against an officer seeks to hold the officer personally liable for wrongful conduct taken in the course of her official duties." *Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015). State officials sued in their personal capacity are persons for purposes of § 1983 and may be subject to suit for damages. *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022). State officials may also be sued in their personal capacity for prospective injunctive relief where a plaintiff alleges an ongoing violation of federal law. *Id.*

In contrast, official-capacity suits are in fact claims against the official's office and against the sovereign of which the defendant is an officer. *Lewis v. Clarke*, 581 U.S. 155, 162 (2017); *see also R.W. v. Columbia Basin Coll.*, 77 F.4th 1214, 1222 (9th Cir. 2023) ("We treat a claim against a government officer in her official capacity as a claim against the employing entity."). Because the sovereign or entity is not a person, it is not subject to suit for damages. *Cornel*, 37 F.4th at 531.

To determine whether an official has been sued in his personal capacity or in his official capacity, courts examine the capacity in which the officer is sued, not the capacity in which the officer inflicts the alleged injury. *Hafer v. Melo*, 502 U.S. 21, 26 (1991). Where a plaintiff seeks damages against a state official, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages would be barred. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016); *see also Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("We also have presumed that officials necessarily are sued in their personal capacities where those

officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued.").

In her Response, Plaintiff "stipulates to dismissal of . . . Defendant Wesenberg, in his personal capacity only, from [the § 1983] claims for relief." Pl. Resp. at 6, ECF No. 26. Plaintiff also states that "Plaintiff maintains the position that Defendant Wesenberg is liable for violations of 42 U.S.C. § 1983 in his official capacity." *Id.* at 6 n.1.

Here, Plaintiff seeks damages, not injunctive relief. Plaintiff cannot bring a damages claim against Wesenberg in an official-capacity suit—she can only bring a damages claim against Wesenberg in his personal capacity. Yet Plaintiff stipulates to dismissal of her personal-capacity suit. Because Plaintiff cannot bring a damages claim against Wesenberg in his official capacity and because Plaintiff dismisses her personal-capacity claim against Wesenberg, the Court dismisses Plaintiff's § 1983 claims against Wesenberg.

## II.    *State Claims*

Plaintiff stipulated to dismissal of her § 1983 claim against CARES and her personal-capacity § 1983 claim against Wesenberg. Plaintiff's federal claims against CARES and Wesenberg are thus dismissed. Plaintiff's only remaining claims against CARES and Wesenberg are state law claims.

Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has

original jurisdiction." 28 U.S.C. § 1367(c)(3). Typically, "[w]hen federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir. 1992) (citation omitted); *see also City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court acted within its discretion to decline supplemental jurisdiction over state law claims after dismissing all federal claims).

Here, the Court has dismissed Plaintiffs' federal claims against CARES and Wesenberg and only state law claims remain. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against CARES and Wesenberg and dismisses those claims without prejudice.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' Motions to Dismiss, ECF Nos. 20, 22. The federal claims against Defendants CARES and Wesenberg are DISMISSED without prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims against CARES and Wesenberg. Accordingly, those claims are DISMISSED without prejudice.

It is so ORDERED and DATED this ___5th_____ day of March 2026.


 /s/Ann Aiken
ANN AIKEN
United States District Judge